LONIE C. MURRAY, Respondent, v. McLEAN TRUCKING COMPANY, Appellant.— In a negligence action to recover damages for injuries to person and property, the defendant appeals from an order of the Supreme Court, Kings County, dated June 27, 1960, which denied its motion to dismiss the action for plaintiff's failure to prosecute. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARVEY M. ASHLEY, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Nassau County, rendered November 4, 1960, convicting him, on his pleas of guilty under two indictments, of attempted forgery in the second degree, and resentencing him to serve consecutive terms of 2½ to 5 years on each indictment; and (2) from every intermediate order made in the action. Judgment modified on the law and the facts so as to provide that the sentence of 2½ to 5 years on each of the two indictments shall run concurrently, and not consecutively, with credit for the time already served. As so modified, judgment affirmed. In our opinion, under the circumstances here, the imposition of consecutive sentences, rather than concurrent sentences, was excessive and constituted an improvident exercise of discretion (*People* v. *Williams,* 6 A D 2d 900, affd. 6 N Y 2d 193; *People* v. *Small,* 2 A D 2d 935, affd. 3 N Y 2d 720). We have examined the other alleged errors and find no cause therein for reversal. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD J. BRANTLE, Appellant.— Appeal by defendant from an order of the County Court, Nassau County, dated April 7, 1959, denying, without a hearing, his *coram nobis* application to vacate a judgment of said court made on June 12, 1947, on his plea of guilty, finding him to be a youthful offender and committing him to the Reception Center at Elmira, New York, for classification and confinement pursuant to article 3-A of the Correction Law. Order reversed on the law and the facts and application remitted to the County Court, Nassau County, for such further proceedings as may be necessary and not inconsistent herewith. The proof submitted discloses that on the arraignment, when defendant was 16 years of age, the court Clerk told him that he had a right to counsel, and then asked him: "Can you get one or do you want to proceed without one?"; and that the Clerk neither asked him whether he wanted the court to furnish him with counsel, nor informed him that it would do so upon his request. The proffer of the aid of counsel should be made in clear and unequivocal terms (*People* v. *Marincic,* 2 N Y 2d 181; *People* v. *Cline,* 10 A D 2d 904; *People* v. *Hinsch,* 3 A D 2d 915; *People* v. *Marra,* 1 A D 2d 545). Under the circumstances here, a hearing should be held to determine whether defendant was properly informed of his right to counsel (Code Crim. Pro., §§ 8, 308). Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.